UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CRIMINAL NO. 09-20070

v.

                                         HONORABLE PAUL D. BORMAN

JEFF GARVIN SMITH,
*a.k.a.* "Fat Dog,"

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT ON TWO CONSTITUTIONAL GROUNDS, (1) VIOLATION OF THE COMMERCE CLAUSE, (2) VIOLATION OF THE SECOND AMENDMENT

Defendant is charged in a one-count indictment with violating 18 U.S.C. § 931(a), "Violent Felon in Possession of Body Armor." The statute defines "body armor" as "any product sold or offered for sale, in interstate or foreign commerce, as personal protective body covering intended to protect against gunfire." 18 U.S.C. § 921(a)(35).

Defendant's Second Amendment argument rejects the Supreme Court dicta in *District of Columbia v. Heller*, 128 S. Ct. 2783, 2816-17 (2008), that "nothing in our opinion [striking down a DC statute prohibiting individual possession of firearms] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." This Court concludes that this statement in the majority opinion "green lights" the statute in question that bars felons from possession of body armor.

Defendant Smith concedes that the term "arms" in the operative clause of the Second Amendment protects both weapons of offense and armor of defense. Case precedent has upheld the

concept that felons do not have a Second Amendment right to possess firearms. *See United States v. Napier*, 233 F.3d 394, 403-04 (6th Cir. 2000). *Heller* does not undermine this pre-*Heller* decision. Accordingly, the Court concludes that this supports applying the instant statute to Defendant Smith, a violent felon in possession of body armor, in the face of his Second Amendment challenge.

The Court also concludes that 18 U.S.C. § 931 falls within Congress' commerce power. Two federal courts of appeals, the Ninth and Tenth Circuits, have upheld § 931 against a Commerce Clause challenge; *United States v. Alderman*, 565 F.3d 641 (9th Cir. 2009), and *United States v. Patton*, 451 F.3d 615 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1247 (2007). In *Alderman*, the Ninth Circuit examined the legislative history of the instant statute, and concluded that Congress did not exceed its authority under the Commerce Clause when it enacted the instant statute. 565 F.3d at 646. In *Patton*, the Tenth Circuit similarly concluded that Congress had the authority to enact the instant statute under the Commerce Clause. 451 F.3d at 619. This Court agrees with those decisions.

Accordingly, this Court DENIES Defendant's motion to dismiss the indictment as a violation of the Commerce Clause, or as a violation of the Second Amendment.


SO ORDERED.



                          S/Paul D. Borman
                          PAUL D. BORMAN
                          UNITED STATES DISTRICT JUDGE

Dated: October 8, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 8, 2009.

                        S/Denise Goodine
                        Case Manager